IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, <br><br> Plaintiff, <br><br> v. <br><br> CLINTON MAHONEY d/b/a CLINTON MAHONEY PROPRIETORSHIP - LANDSCAPING, <br><br> Defendant. | Case No. 19-cv-03214 |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the Motion for Default Judgment (d/e 12) filed by Plaintiff Railroad Maintenance and Industrial Health and Welfare Fund.  Also before the Court is Defendant Clinton Mahoney's Supplemental Memorandum of Law in Support of Objection to Sufficiency of Service Pursuant to Rule 12(b)(5) (d/e 17), in which Defendant requests entry of an order vacating this Court's March 25, 2020 Opinion (d/e 7) and May 15, 2020 Order of Default (d/e 11).  For the reasons set forth below,

Defendant's motion is GRANTED.  Plaintiff's Motion for Default Judgment (d/e 12) is DENIED.

## I. BACKGROUND

Plaintiff Railroad Maintenance and Industrial Health and Welfare Fund filed a three-count Complaint (d/e 1) against Defendant Clinton Mahoney on September 3, 2019.  The Complaint alleges that Defendant is personally liable for three sums of money owed to Plaintiff by Mahoney & Associates, LLC, a defunct Chicago-area landscaping business of which Mahoney was the sole proprietor.

After filing the Complaint, Plaintiff attempted to serve Defendant in multiple ways over the course of more than seven months.  Plaintiff first enlisted the Cook County Sheriff's Office and two private process servers to attempt personal service on Mahoney at 10809 Chaucer Drive, Willow Springs, Illinois (the "Willow Springs address") and 3275 Beller Drive, Darien, Illinois (the "Darien address").  During one attempt at service, Mahoney's daughter told a process server that Mahoney might be living in Countryside, Illinois.  A public records database search by Plaintiff's counsel showed a listed address for Mahoney at 10725 Maplewood

Road, Countryside, Illinois (the "Countryside address").

After Plaintiff's initial attempts to serve Defendant were unsuccessful, Plaintiff requested that the Court enter an order authorizing service by alternative means.  On March 25, 2020, Magistrate Judge Tom Schanzle-Haskins entered an Opinion (d/e 7) authorizing the Welfare Fund to serve Mahoney by: (1) causing a process server to attach the Alias Summons, the Complaint, and a copy of the Court's March 25, 2020 Opinion to the front door of each of the three addresses; and (2) mailing the same documents to each of the three addresses by regular mail and Certified Mail, Return Receipt Requested.  Plaintiff performed service as directed, except that instead of attaching the envelopes containing the service documents to the door of any residence the process servers laid the envelopes in front of the doors due to the weight of the envelopes.

After Defendant still did not enter an appearance or respond to the Complaint, the Court ordered on May 15, 2020 that default be entered against Defendant.  See d/e 11.  On May 29, 2020, Plaintiff filed the pending Motion for Default Judgment (d/e 12).  Then, on July 24, 2020, attorneys for the Defendant entered their appearances on Defendant's behalf and filed Defendant's Objection

to Sufficiency of Service Pursuant to Rule 12(b)(5) (d/e 14). On August 24, 2020, Defendant filed a Supplemental Memorandum of Law (d/e 17) in support of his Objection. In the Memorandum, Defendant requests that the Court vacate its March 25, 2020 Opinion authorizing alternative service and its May 15, 2020 Order of Default and grant Defendant leave to respond to the Complaint (d/e 1).

## II. ANALYSIS

The validity of this Court's Order defaulting Defendant depends on whether the Court had personal jurisdiction over Defendant based on proper service of process. See United States v. Ligas, 549 F.3d 497, 500 (7th Cir. 2008) ("A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process."). Defendant does not deny that Plaintiff served him as directed in this Court's March 25, 2020 Opinion authorizing service of process by alternative methods. Instead, Defendant argues that the March 25, 2020 Opinion was inconsistent with Illinois law governing service of process and that the default entered against Defendant is, therefore, void. See d/e 17, pp. 5–10; d/e 19, pp. 2–4.

Pursuant to Fed. R. Civ. P. 4(e), an individual can be served by following state law for service of summons in the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Here, the Court's March 25, 2020 Opinion authorized service by alternative means pursuant to 735 ILCS 5/2–203.1, an Illinois statute that authorizes a court to order service in "any manner consistent with due process" if both personal service and service of an immediate family member at the defendant's residence are impractical. 735 ILCS 5/2–203.1. Under § 2–203.1, court may authorize alternative service only when: (1) the plaintiff has made a "diligent inquiry as to the location of the individual defendant"; and (2) the plaintiff's "reasonable efforts" to personally serve the defendant have been unsuccessful. 735 ILCS 5/2–203.1; see Nesbitt v. Regas, No. 13 C 8245, 2015 WL 1331291, at *4 (N.D. Ill. Mar. 20, 2015).

Defendant argues that the Court's March 25, 2020 Opinion should be vacated because Plaintiff did not satisfy the "reasonable efforts" requirement of 735 ILCS 5/2–203.1. Defendant states that he has resided at the Countryside address since December 2019, and that Plaintiff should have discovered this fact and attempted personal service on him at that address before moving for an order

authorizing alternative service. See d/e 17, pp. 6–9.

Plaintiff's counsel noted, in his motion for an order allowing alternative service, that a public records search had returned an entry listing Defendant as residing at the Countryside address. According to a process server employed by Plaintiff, Defendant's daughter also stated during one attempt at service at the Willow Springs address that Defendant was possibly living in Countryside. Plaintiff's counsel decided not to attempt service on Defendant at the Countryside address before moving for an order authorizing alternative service because Plaintiff's counsel was "skeptical that Mr. Mahoney is residing there based on the size and condition of the dwelling shown on various internet sites." D/e 6, ¶ 21. Plaintiff's counsel also pointed to evidence that numerous court records linked Defendant to the Willow Springs and Darien addresses, Defendant's current landscaping company had its business address at the Willow Springs address, and Defendant was joint owner of the property at the Willow Springs address and owned vehicles registered to that address.

However, a public records search listed Defendant as residing at the Countryside address, and a member of Defendant's

immediate family previously indicated that Defendant lived in Countryside.  Therefore, Plaintiff's efforts to personally serve Defendant prior to March 25 did not satisfy the "reasonable efforts" requirement of 735 ILCS 5/2–203.1.  Accordingly, the Court reverses its March 25, 2020 Opinion (d/e 7) authorizing alternative service of process.

Plaintiff's attempts to serve Defendant after March 25, 2020 by mail to the three addresses and by leaving envelopes outside of the doors of the three addresses were inconsistent with the requirements of Fed. R. Civ. P. 4(e).  This means that Defendant had not been properly served as of May 15, 2020.  Accordingly, the Court lacked personal jurisdiction over Defendant when it issued its Order of Default (d/e 11).  See United States v. Ligas, 549 F.3d 497, 500 (7th Cir. 2008) (discussing requirements for service of process under Fed. R. Civ. P. 4(e) and holding that "[a] district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process").  An entry of default issued without personal jurisdiction over the purportedly defaulted party is void ab initio.  See Pardo v. Mecum Auction, Inc., No. 12 C 08410, 2014 WL 627690, at *2 (N.D. Ill. Feb. 18, 2014).

Accordingly, the court vacates the Order of Default (d/e 11) issued on May 15, 2020.

Ordinarily, objections to the sufficiency of service under Fed. R. Civ. P. 12(b)(5) are incorporated into a motion to dismiss. Here, however, Defendant "does not ask the Court to dismiss the suit or send the Fund back to effect service." D/e 17, p. 10. Rather, Defendant requests an order granting "leave to file pleadings responsive to the Complaint." Id. at p. 11. Objections to personal jurisdiction can be waived, and a Defendant who properly raises a jurisdictional defense can subsequently waive that defense. Ligas, 549 F.3d at 501. The Court finds that Defendant has waived any objection to personal jurisdiction in this matter except with regards to the Court's March 25, 2020 Opinion (d/e 7) and the Court's May 15, 2020 Order of Default (d/e 11).

### III. CONCLUSION

For the reasons set forth above, Defendant Clinton Mahoney's motion to vacate the Court's March 25, 2020 Opinion and the Court's May 15, 2020 Default Order is GRANTED. It is hereby ORDERED that:

1. The Court's March 25, 2020 Opinion (d/e 7) is

VACATED.

2. The Court's Order of Default (d/e 11) is VACATED.

3. Plaintiff's Motion for Default Judgment (d/e 12) is DENIED.

4. Defendant shall Answer or otherwise plead on or before April 13, 2021.

ENTER: March 31, 2021

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE